## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MEADOWBROOK FARMS** | ) | |
| **COOPERATIVE,** | ) | |
| | ) | **No. 09-30688** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| **GREAT LAKES PORK, INC.,** | ) | |
| **JOHNSON-PATE PORK, INC., and** | ) | |
| **LEHMANN BROS. FARMS, LLC,** | ) | |
| | ) | |
| **Plaintiffs.** | ) | |
| | ) | |
| vs. | ) | **Adv. No. 09-03258** |
| | ) | |
| **THE CIT GROUP/BUSINESS CREDIT,** | ) | |
| **INC., and RICHARD T. KLENE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## O P I N I O N

The issue before the Court in this adversary proceeding is whether this Court has subject matter jurisdiction over the causes of action set forth in the complaint filed by the Plaintiffs, Great Lakes Pork, Inc., Johnson-Pate Pork, Inc., and Lehmann Bros. Farms, LLC (hereinafter collectively "Plaintiffs") against the Defendants, The CIT Group/Business Credit, Inc., and Richard T. Klene (hereinafter "CIT" or "Klene" and collectively "Defendants"). This written opinion is to supplement and clarify the oral opinion given in open Court on January 10, 2011.

Prior to this adversary proceeding being assigned to this Court, the subject of this litigation was pending in state court and was removed to bankruptcy court by Klene. This adversary proceeding was originally assigned to another judge sitting in the Southern District of Illinois (hereinafter the "Judge"). At a hearing held on February 19, 2010, the Judge denied the Plaintiffs' request to remand this matter back to state court.

After having this adversary proceeding assigned to this Court, the first matters that came up for hearing were a motion to dismiss Counts III and IV of the Plaintiffs' first amended complaint, and a pretrial status conference. At that hearing, this Court, on its own initiative, raised the issue of whether the bankruptcy court has jurisdiction to hear this case. Because there was a companion adversary proceeding, Adv. No. 09-3150, that was being heard by the Judge, this Court delayed ruling until the Judge had issued his ruling in that companion adversary proceeding. The Judge has since ruled, and his ruling is now on appeal. This Court then gave the parties an opportunity to brief the issue of whether it was too late to remand the instant adversary proceeding back to state court. The Defendants, one of which had requested the removal, take the position that this adversary proceeding should not be remanded because, at this point, the Judge's previous order acts as a bar to a remand.

The basic facts leading up to this ruling are as follows: the Debtor, Meadowbrook Farms Cooperative (hereinafter "Debtor"), was in the business of purchasing hogs for slaughter and processing, packaging and selling pork products. The Plaintiffs are in the business of raising hogs and selling them to packers for slaughter, processing, packing and resale. CIT is a lender who had made a secured loan to the Debtor. Prior to filing its Chapter 7 bankruptcy case, the Debtor partially repaid the secured loan to CIT. Klene was the chief financial officer, and later the executive vice president, of the Debtor.

The Debtor filed a Chapter 7 bankruptcy case on March 21, 2009. At that point in time, the Debtor maintained a lockbox account, which was a depository bank account for the Debtor's accounts receivables and for proceeds obtained from the sale of livestock inventory, meat, and meat food products. The funds in the lockbox account were transferred to the Chapter 7 Trustee. On June 26, 2009, the Trustee filed the companion adversary proceeding to determine the validity, priority, and extent of liens on the proceeds held in the lockbox account. A trial was held and the Judge ruled

that the Plaintiffs had a first priority claim to the lockbox proceeds being held by the Trustee. As previously indicated, the parties in that companion adversary proceeding have appealed, and that appeal is pending.

On November 19, 2009, before the Judge issued his ruling in the companion adversary proceeding involving the Trustee's complaint to determine the priority of liens, the Plaintiffs filed a three-count complaint in state court against CIT and Klene. Two of the counts were asserted against CIT for unjust enrichment and conspiracy. The count asserted against Klene was for negligent misrepresentation. After removal to bankruptcy court, the complaint was later amended to change the count against Klene from negligent to intentional misrepresentation, and to add a new count against Klene for conspiracy.

The original complaint that was filed in the state court alleges causes of actions against CIT for unjust enrichment and conspiracy, which are claims arising under state law, not federal bankruptcy law, and the count against Klene (who was not a party in the companion adversary proceeding before the Judge) for negligent misrepresentation, also is a claim arising under state law. Under Count I, the Plaintiffs seek recovery from CIT of a portion of the proceeds from the hog sales that was paid by the Debtor to CIT on the grounds that CIT assented to or acquiesced in the terms of the hog sales providing that proceeds derived by the Debtor from sale of the meat processed from such hogs would be used to pay the Plaintiffs for the hogs, and that by accepting and retaining payment from such proceeds derived from the hog sales, CIT has been unjustly enriched. Under Count II, the Plaintiffs allege that CIT conspired to commit wrongful and unjust actions, namely to induce the Plaintiffs to deliver the hogs to the Debtor, to cause the Debtor to pay CIT monies that were to be used to pay the Plaintiffs, and to defraud the Plaintiffs. The Plaintiffs seeks recovery of

$2,528,569.55 from CIT. In Count III, the Plaintiffs allege Klene informed the Plaintiffs that CIT was aware of and assented to or acquiesced in the sale terms, and if CIT proves it had no such knowledge and granted no such permission, then Klene was negligent in failing to confirm CIT's agreement before informing the Plaintiffs of such agreement and/or failed to communicate the actual agreement, and seek recovery from Klene in the amount of $2,528,569.55.[1]

As previously indicated, the state court action was removed to bankruptcy court by Klene, and the Judge denied the Plaintiffs' motion for remand. The first question before this Court is whether at this point in this adversary proceeding and despite the Judge's ruling, this Court can remand this matter back to the state court.

Klene cites *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998), for the proposition that for purposes of removal jurisdiction, courts look at the case as of the time it was filed in the state court, prior to the time the defendants filed their answer, and *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1139 (7th Cir. 1979), which states that the jurisdiction of the federal court is determined at the time of the filing of the complaint. Additionally, CIT cites *Matter of Shell Co.*, 970 F.2d 355, 356 (7th Cir. 1992), in which the court of appeals found that the district court erroneously remanded a properly removed case, and directed the district court to rescind its remand order, holding that post-removal actions by a party limiting the plaintiff's claim does not authorize remand and that jurisdiction is determined at the instant of removal. This Court agrees with Klene that jurisdiction is determined at the time of removal. However, that conclusion does not address the issue of whether this Court has jurisdiction and can so determine the issue at this point in this adversary proceeding.

Jurisdiction can be raised at any time. The Seventh Circuit Court of Appeals has raised the

---

[1] As will be discussed later in this Opinion, the appropriate time for determining jurisdiction is at the time the case is removed to federal court. At the time of removal, the state court complaint consisted of three counts, not four.

4

issue for the first time on appeal and has directed bankruptcy courts to determine if jurisdiction exists, even if the issue is not raised by the parties. So, there is no barrier, and, in fact, this Court has a responsibility to raise the issue.

Subject matter jurisdiction may not be waived or consented to, and it may be raised at any time in the proceedings by any party upon motion or by the court *sua sponte*. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Federal courts are obliged to inquire *sua sponte* where jurisdiction is uncertain. *Tylka v. Gerber Products Co.*, 211 F.3d 445 (7th Cir. 2000). Additionally, 28 U.S.C. § 1447(c), titled "Procedure after removal generally," provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded (emphasis added)." The party alleging federal court jurisdiction bears the burden establishing that jurisdiction exists. *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995).

Section 157(b)(3) of the Judicial Code specifically provides that "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. §157(b)(3).[2]

The Seventh Circuit Court of Appeals has stated that:

> [A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case . . . If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

*Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (citing *Matter of Wood*, 825 F.2d 90, 93 (5th Cir.

---

[2]Under 28 U.S.C. § 1334, district courts have original, but not exclusive, jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. Under 28 U.S.C. § 157, those types of matters can be referred to bankruptcy courts.

1987)).

For the following reasons, this Court holds that it does not have jurisdiction to hear the matters raised in this adversary proceeding. This Court would have jurisdiction if the Plaintiffs' complaint established that it (1) arose "under" title 11; (2) arose "in" this bankruptcy case, or (3) "relates to" this bankruptcy case. A proceeding "arises under" title 11 if a party is claiming a right or remedy created by one of the specific sections of title 11. *In re Emerald Acquisition Corp.*, 170 B.R. 632, 640 (Bankr.N.D.Ill. 1994). A proceeding "arises in" a title 11 case if it relates to those administrative matters that arise only in bankruptcy cases. *Id*. The instant action is based solely on state law. As previously noted, neither the Plaintiffs nor the Defendants are in a bankruptcy case pending in this Court.[3] There are no issues created by one of the specific sections of title 11, nor are there any issues involving administrative matters arising in this bankruptcy case. Therefore, it cannot be concluded that the matter before this Court in this adversary proceeding arose under or in title 11.

CIT and Klene contend that the subject in this adversary proceeding arose under title 11 and argue that removal was proper because the Plaintiffs are claiming the right to "proceeds" from the hog sales by the Debtor, which must necessarily include the money that was in the Debtor's control at some point in time and is now under the Trustee's custody and control. Thus, the Plaintiffs' state court complaint seeks recovery of the same "proceeds" they requested the Court to award in the companion adversary proceeding by way of their counterclaim in that adversary proceeding by asserting a superior right under Section 206(b) of the Packers and Stockyards Act of 1921, to the funds being held by the Trustee. *See* 7 U.S.C. §§ 181, *et seq.* The Defendants argue that because the

---

[3] One of the Plaintiffs, Lehmann Bros. Farms, LLC, filed for Chapter 11 bankruptcy relief on September 1, 2009, in the Central District of Illinois (Case No. 09-91865). In that case, a plan was confirmed on April 27, 2010, and the bankruptcy case was closed on July 7, 2010.

6

state court complaint seeks funds belonging to the bankruptcy estate, it necessarily concerns property of the estate, which makes it a matter arising under title 11.

The obvious fallacy to this argument is that the state court complaint is based on state law and is seeking funds that the Plaintiffs assert are theirs and should be paid to them. Nothing in the state court complaint claims a right or remedy created by any section of title 11 that would result in funds being paid to the Trustee for the benefit of the bankruptcy estate. Nor would any funds flow through the Trustee to the Plaintiffs. Accordingly, this Court concludes it does not have "arising under " jurisdiction over this adversary proceeding.

Turning to the last of the three bases for jurisdiction, a proceeding "relates to" the bankruptcy if it affects the amount of property available for distribution or the allocation of property among creditors. *Emerald Acquisition*, 170 B.R. at 640 (citing *Pettibone Corp. v. Easley*, 935 F.2d 120, 123 (7th Cir. 1991) and *Matter of Xonics*, *Inc.,* 813 F.2d 127, 131 (7th Cir. 1987)). The most widely accepted definition of "related to" comes from the Third Circuit Court of Appeals: "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93 (citing *Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). In *Xonics*, the Seventh Circuit Court of Appeals articulated a more limited definition, holding that "there is jurisdiction under § 157(c) only when the dispute is "related to" the bankruptcy–meaning that it affects the amount of property available for distribution or the allocation of property among creditors." *Xonics*, 813 F.2d at 131.

The Defendants assert that subject matter jurisdiction exists because the claims in the state court proceeding are "related to" the bankruptcy proceedings. Specifically, the Defendants argue this adversary proceeding is "related to" the companion adversary because it involves the exact same hog transactions, the same pool of money, the same parties, and the same acts as those at issue in the

companion adversary proceeding, and thus the claims in this adversary proceeding are inextricably intertwined with the claims made in the companion adversary proceeding. Klene argues that the issues in the two adversaries are "so enmeshed that if [the Judge's] ruling in the [companion adversary proceeding] is affirmed on appeal, [Plaintiffs'] claims against Klene likely would be extinguished."

In *Pacor v. Higgins*, the Third Circuit Court of Appeals stated that a matter is related when "the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994. The Court in *Pacor* further concluded that neither common issues, related parties, parallel claims, nor bankruptcy law make a case related to a bankruptcy for the purposes of removal jurisdiction. *See Pacor*, 743 F.2d at 994. The Defendants incorrectly focus on the relationship between the issues in the two adversary proceedings. They argue that as between the Plaintiffs and the Defendants, there are common issues in the two adversary proceedings. However, the correct focus is on the effect the adversary proceeding before this Court will have on the bankruptcy estate. That effect is zero. Applying the definitions of "related to" jurisdiction set forth in *Pacor* and *Xonics*, there is nothing in the adversary proceeding currently before this Court that affects the amount of property available for distribution or the allocation of property among creditors. There is nothing in the adversary proceeding that will produce for, or cost, the bankruptcy estate one cent. The adversary proceeding before this Court may impose liability on the Defendants, but it will not allocate any bankruptcy estate property between the Plaintiffs and the Defendants, nor will it affect the amount of property in the bankruptcy estate that is available for distribution among the Debtor's creditors.

The Trustee is merely a stakeholder for the funds the Trustee is holding. The only effect of the companion adversary proceeding decided by the Judge on the adversary proceeding currently before this Court is that should the Plaintiffs prevail on appeal, the monies will go from the fund

being held by the Trustee to the Plaintiffs and reduce their damages. If they lose on appeal, CIT will have the money and the Plaintiffs can proceed to try to recover their damages directly from the Defendants in state court.

The adversary proceeding before this Court seeks to recover funds paid to CIT by the Debtor before the bankruptcy case was filed. CIT asserts that, at the end of the day, if CIT was improperly enriched by receiving money from the Debtor in the form of loan repayments, that money will need to be returned to the Trustee for proper distribution to all creditors, and therefore it is for the bankruptcy court, and not a state court to decide the relationship between the Plaintiffs and the other creditors. This argument by CIT seems to assume that, because the Debtor is in bankruptcy, the only way the Plaintiffs could recover any funds from CIT would be through its adversary proceeding against CIT and then turn over any funds recovered to the Trustee, who would in turn pay the funds to the Plaintiffs. Contrary to the Defendants' assertions, any funds paid by the Debtor to CIT that should have been paid to the Plaintiffs and recovered by the Plaintiffs will not have to go back through the Trustee for distribution to creditors, but will be recovered by the Plaintiffs directly from the Defendants and retained by the Plaintiffs.

Accordingly, for the reasons stated above and in open Court on January 10, 2010, this Court concludes it does not have subject matter jurisdiction. This adversary proceeding will be remanded to state court.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

ENTERED: January 25, 2011

/s/ William V. Altenberger

UNITED STATES BANKRUPTCY JUDGE